## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **KENNETH OKONSKI**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**PROGRESSIVE CASUALTY INSURANCE COMPANY**,<br><br>    Defendant. | Case No. 1:23-cv-01548-PAG<br><br>Hon. Judge Patricia A. Gaughan |
| **BRADLEY OKONSKI**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**PROGRESSIVE CASUALTY INSURANCE COMPANY**,<br><br>    Defendant. | Case No. 1:23-cv-01550-PAG<br><br>Hon. Judge Patricia A. Gaughan |
| **EDUARDO BARBOSA**, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**PROGRESSIVE CASUALTY INSURANCE COMPANY**,<br><br>    Defendant. | Case No. 1:23-cv-01555-DAP<br><br>Hon. Judge Dan Aaron Polster |

**PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE CASES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 42(a)(1), MOTION TO APPOINT INTERIM
CLASS COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g),
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## I.      INTRODUCTION

Plaintiffs Kenneth Okonski, Bradley Okonski, and Eduardo Barbosa (collectively, "Plaintiffs") file this Amended Motion to Consolidate and Appoint Interim Class Counsel to add an additional case filed against Progressive Casualty Insurance Company ("Progressive" or "Defendant"), *Eduardo Barbosa v. Progressive Casualty Insurance Company*, No. 1:23-cv-01555-DAP (N.D. Ohio), filed August 9, 2023.

Plaintiffs move under Federal Rule of Civil Procedure ("Rule") 42(a)(2) for an order consolidating the above-captioned actions: (i) *Kenneth Okonski v. Progressive Casualty Insurance Company*, No. 1:23-cv-01548-PAG (N.D. Ohio); (ii) *Bradley Okonski v. Progressive Casualty Insurance Company*, No. 1:23-cv-01550-PAG (N.D. Ohio); and (iii) *Eduardo Barbosa v. Progressive Casualty Insurance Company*, No. 1:23-cv-01555-DAP (N.D. Ohio) (collectively, the "Related Actions") and all other actions (now and in the future) naming Progressive Casualty Insurance Company as a defendant in connection with the Data Breach Progressive experienced between May 2021 through May 2023 (the "Data Breach"). The Related Actions arise out of the same set of facts—Progressive's massive and preventable Data Breach that reportedly exposed the confidential and highly sensitive personally identifiable information ("PII") of at least 347,100 individuals. The Related Actions assert similar claims, on behalf of similar classes, and seek similar relief from one common defendant—Progressive. The Court should consolidate the Related Actions to maximize efficiency and judicial economy.

Additionally, Plaintiffs move under Federal Rule of Civil Procedure 23(g) to appoint William B. Federman of Federman & Sherwood and Gary M. Klinger of Milberg Coleman Bryson

Phillips Grossman PLLC as Interim Lead Class Counsel, and Brian D. Flick of DannLaw as Interim Liaison Class Counsel (together, "Proposed Interim Class Counsel"). Proposed Interim Class Counsel (and their respective law firms) are highly experienced in data privacy litigation and possess the requisite knowledge, experience, and skill needed to pursue relief on behalf of Plaintiffs and the proposed Class (the "Class" or "Class Members").

For the reasons presented below, Plaintiffs respectfully request that the Court grant this Motion.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The underlying litigation stems from a data breach affecting approximately 347,100 Progressive customers. *See* Class Action Compl. ("Compl."), ¶ 3 (ECF No. 1).[1] According to Progressive, on May 19, 2023, Progressive received written notification from its third-party call center that some of the call center's employees improperly shared their Progressive access credentials with unauthorized individuals who purportedly performed the employees' call center job duties. *Id.* ¶ 4.  Progressive divulged that the earliest date of employment of any of the potentially involved employees by the third-party service provider was May 2021, but most were hired during or after the fall of 2022. *Id.* ¶¶ 4–5. The information subject to unauthorized access included: names, addresses, social security numbers, driver's license numbers, and financial information (*e.g.*, account number, credit card number and/or debit card number). *Id.* ¶ 7. Due to Progressive's negligence and lack of oversight and supervision, unauthorized individuals were given unfettered access to Plaintiffs' and the Class's private information for years to use and abuse however they pleased. *See id.* ¶¶ 5, 8.

---

[1] All references to the complaint herein refer to the Class Action Complaint filed in *Kenneth Okonski v. Progressive Casualty Insurance Company*, No. 1:23-cv-01548-PAG (N.D. Ohio).

On August 8, 2023, Plaintiffs Kenneth Okonski and Bradley Okonski filed separate class action lawsuits against Progressive asserting the same claims for relief and seeking to redress similar harms. On August 9, 2023, Plaintiff Eduardo Barbosa filed his class action lawsuit against Progressive also seeking relief for injuries resulting from Progressives' failure to maintain reasonable cybersecurity practices. Now, with multiple cases on file against Progressive, and the inevitable likelihood that more will follow, Plaintiffs seek consolidation of the Related Actions and the appointment of Proposed Interim Class Counsel to efficiently manage the litigation on behalf of the Class.

## III.  ARGUMENT AND AUTHORITIES

### A.  THE COURT SHOULD GRANT PLAINTIFFS' MOTION TO CONSOLIDATE CASES PURSUANT TO RULE 42(A)(1) BECAUSE THE RELATED ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT.

#### 1.  Legal Standard.

Rule 42(a) states "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The requirement of Rule 42(a) that the actions involve a common question of law or fact does not necessarily mean that there needs to be "complete identity of the legal and factual issues." *Kehoe Component Sales, Inc. v. Best Lighting Products, Inc.*, 2011 WL 1740969 at *2 (S.D. Ohio May 2, 2011) (citation omitted). Whether cases involving the same factual and legal questions should be consolidated is a matter within the sound discretion of the trial court. *See Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965).

In deciding whether to consolidate cases, the Court must consider "[w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications

of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Eliason v. Gentek Bldg. Prod., Inc.*, No. 1:10-CV-2093, 2012 WL 12929559, at *1 (N.D. Ohio Sept. 6, 2012) (citing *Cantrell v. GAF Corporation*, 999 F.2d 1007, 1011 (6th Cir. 1993)). Here, all these factors weigh in favor of consolidation.

## 2. Common Questions of Law and Fact Predominate the Related Actions.

Consolidation is appropriate because the Related Actions are substantively identical and are in the same stage of litigation. Each action: (i) is brought as a putative class action seeking to certify the same class of individuals; (ii) alleges the same claims, including negligence, unjust enrichment, breach of implied contract, declaratory judgment, and negligent training, hiring and supervision; and (iii) arise out of the same Data Breach that inflicted the same alleged injuries, namely, exposure of their PII. The identical factual predicate of each of the Related Actions, coupled with the identical questions of law both actions present merits consolidation. *See UPMC Presbyterian Shadyside v. Fleet Owners Ins. Fund*, No. 1:19CV158, 2019 WL 2513848, at *2 (N.D. Ohio June 18, 2019) (consolidation ordered where "[t]he factual impetus for both actions [wa]s the same.").

Furthermore, consolidation of the Related Actions, and any future actions asserting claims against Progressive in relation to the Data Breach, is warranted because it will simplify discovery, pretrial, class certification, and case management. Specifically, consolidation will (i) prevent inconsistent verdicts by asserting claims in one consolidated proceeding; (ii) streamline discovery matters because Progressive will only need to respond to one set of discovery requests; (iii) save each of the Parties considerable time and litigation expenses by only prosecuting one action; and

(iv) promote judicial efficiency as the Court will not be required to engage in duplicative hearings or review duplicative filings. Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting identical actions separately. Lastly, no party will be prejudiced or burdened by consolidation, but all parties involved will greatly benefit from consolidation. As such, these additional factors further support consolidation.

Moreover, Courts routinely find that data breach class actions are appropriate for Rule 42 consolidation. *See, e.g., Hiley v. CorrectCare Integrated Health, Inc*., No. CV 5:22-319-DCR, 2023 WL 2167376 (E.D. Ky. Feb. 22, 2023) (consolidating data breach class actions and appointing interim class counsel); *Kuffrey v. Cmty. Health Sys., Inc.*, No. 3:23-CV-00285, 2023 WL 3918699 (M.D. Tenn. May 22, 2023) (consolidating data breach class actions were plaintiffs alleged having been impacted by the same data breach); *Houghton v. Rancho Mesquite Casino, Inc.*, No. 2:23-CV-00276-CDS-DJA, 2023 WL 2633742, *1 (D. Nev. Mar. 24, 2023) (consolidating data breach cases where the court found the cases "involve[d] common questions of law and fact concerning allegations brought against the same defendant."); *Meyers v. Onix Grp.*, LLC, No. CV 23-2288-KSM, 2023 WL 4630674 (E.D. Pa. July 19, 2023) (court consolidated data breach cases and appointed interim class counsel).

Accordingly, Plaintiffs respectfully request the Court consolidate the Related Actions and any subsequently filed or transferred actions against Progressive relating to the Data Breach under the docket number of the first filed case, No. 1:23-cv-01548, an under the caption "*In re Progressive Casualty Insurance Company Data Breach Litigation*."

**B. THE COURT SHOULD GRANT PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL UNDER RULE 23(G) BECAUSE PROPOSED INTERIM LEAD CLASS COUNSEL AND PROPOSED INTERIM LIAISON CLASS COUNSEL SATISFY THE RELEVANT CRITERIA.**

**1. Legal Standard.**

6

"[I]t is common, and efficient, to appoint interim co-lead counsel in the same stroke as consolidating related actions." *Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 409 (S.D. Ohio 2021) (citation omitted).

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g). "Designation of interim counsel is particularly appropriate when there have been overlapping, duplicative, or competing suits filed in other courts." *Troy Stacy Enterprises Inc.*, 337 F.R.D. at 409 (citing Manual for Complex Litigation (Fourth) § 21.11). "In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.*

The Court must consider the following factors when appointing interim class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). Here, Proposed Interim Class Counsel more than satisfies the factors set forth in Federal Rule of Civil Procedure 23(g).

### 2. Proposed Interim Class Counsel Have Done Considerable Work Identifying and Investigating Potential Claims.

Immediately after the announcement of the Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the Data Breach. Those investigations included, among other things: (i) investigating the facts surrounding the Data

Breach; (ii) investigating Defendant's data privacy posture; (iii) interviewing numerous individuals injured by the Data Breach; (iv) researching legal claims; (v) drafting initial pleadings; and (vi) investigating experts in the area of data security and damages.

Additionally, Mr. Federman has worked with counsel in *Bradley Okonski v. Progressive Casualty Insurance Company*, No. 1:23-cv-01550-PAG (N.D. Ohio) and *Eduardo Barbosa v. Progressive Casualty Insurance Company*, No. 1:23-cv-01555-DAP (N.D. Ohio) to quickly organize the management of the cases to avoid any delay that could be caused by a leadership dispute to address the merits of the case as expeditiously as possible. The work assignments will be allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating duplicity.

Accordingly, the substantial work and investigation to date weighs in favor of appointing Proposed Interim Class Counsel.

### 3. William B. Federman Possesses the Requisite Experience, Knowledge, Skills, and Resources to Prosecute this Action Efficiently and Effectively.

Mr. Federman, the founder of Federman & Sherwood, has more than forty years of diverse, hands-on, trial, and appellate experience in the areas of complex financial fraud litigation, commercial litigation, consumer litigation, data breach litigation, and class action litigation. Mr. Federman has represented both plaintiffs and defendants in federal courts, state courts, and arbitration forums across the United States. Indeed, Mr. Federman has litigated hundreds of class action cases demonstrating he has the skill, knowledge, and experience necessary to see this case through to its completion.

Mr. Federman recently served (or is currently serving) in leadership positions in similar data breach cases, including: *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508, at *1 (M.D. Fla. Apr. 14, 2021), *vacated in part sub nom. Green-Cooper v. Brinker*

*Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) (co-lead class counsel); *Perez v. Carvin Wilson Software LLC*, No. CV-23-00792-PHX-SMM (D. Ariz.) (interim co-lead class counsel); *Bingaman, et al. v. Avem Health Partners, Inc.*, No. CIV-23-134-SLP (W.D. Okla.) (interim lead class counsel and interim liaison class counsel) *Deevers v. Wing Financial Services LLC*, No. 22-CV-0550-CVE-JFJ (N.D. Okla. 2022) (interim co-lead class counsel); *Doughty v. Central Square Technologies, LLC, et al.,* No. CIV-20-500-G (W.D. Okla.) (settlement class counsel); *McPherson v. American Bank Systems, Inc.*, Case No. CIV-20-1307-G, 2021 WL 932042 (W.D. Okla. 2021) (interim liaison class counsel); *Sanders, et al., v. Ibex Global Solutions, Inc., et al.*, No. 1:22-cv-00591-TNM (D.D.C.) (co-lead class counsel); *Mackey v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (co-lead class counsel); *In re: Solara Medical Supplies Data Breach Litigation*, No. 3:19-cv-00284-H-KSC (S.D. Cal.) (interim co-lead class counsel); *Mednax Services, Inc., Customer Data Security Breach Litigation*, No. 21-MD-02994-RAR, ECF No. 43 (S.D. Fla.) (interim co-lead class counsel); *McFarlane et al. v. Altice USA, Inc.*, Case No. 20-cv-1297 (S.D.N.Y.) (interim lead counsel); *M.S. and D.H. v. Med-Data, Inc.*, Case No. 4:22-cv-00187 (S.D. Tex.) (interim co-lead class counsel; settlement pending); and *In re: Physician's Business Office Data Incident Litigation*, Case No. CC-54-2022-C-252 (Wood Cnty. Cir. Ct. of West Virginia) (interim co-lead class counsel).

Federman & Sherwood has also served as lead counsel or co-lead counsel **in over sixty other class action lawsuits** (consumer and financial matters), including MDL proceedings, working with a multitude of law firms across the country. A brief summary of additional cases Mr. Federman has had lead roles in include: *Aguirre, et al. v. Hello Products*, No. 1:19-cv-09577-SDA (S.D.N.Y.) (lead counsel); *Michael Ouelette v. Sony Corporation of America, Inc., Sony Electronics, Inc. and Sony Corp.*, Case No. 1:09-cv-1939 (S.D.N.Y.) (lead counsel); *In re:*

*Samsung Top-Load Washing Machine Marketing, Sales Practices and Products Liability Litigation*, MDL No. 17-ml-2792-D (W.D. Okla.) (co-lead counsel); *Loritz v. Exide Technologies, et al.*, No. 2:13-cv-02607-SVW-E (C.D. Cal.) (lead counsel); *Angley v. UTi Worldwide, Inc., et al.*, No. 2:14-cv-02066-CBM-E (C.D. Cal.) (lead counsel); *Perez, et al. v. Izea, Inc., et al.*, No. 2:18-cv-02784-SVW-GJS (C.D. Cal.) (co-lead counsel); *Superconductor Technologies, Inc.*, No. CV-04-2680-DT-JTLX (consolidated with CV-04-2848-DT and CV-04-2927-DT) (C.D. Cal.) (lead counsel); and *Mulderrig, et al. v. Amyris, Inc.*, No. 19-cv-01765-YGR (N.D. Cal.) (lead counsel). *But see also Access Financial Group, Inc. v. McGuire, et al.*, Case No. CJ-2020-2542 (Dist. Ct. of Okla. Cnty.) (Andrews, J.) (William B. Federman appointed as discovery special master).

Not only does Federman & Sherwood possess the requisite skill, knowledge, and experience, it also has adequate financial resources to support the litigation. Due to its success as a prominent class action law firm, Federman & Sherwood has assisted in numerous cases funding litigation expenses in excess of $1 million. Federman & Sherwood has both the financial resources and the staff to assist in resolving this case. Additional information regarding Mr. Federman and Federman & Sherwood is detailed in the Federman & Sherwood firm résumé, attached hereto as **Exhibit 1.**

Given Federman & Sherwood's vast experience and proven track record in successfully prosecuting class action data breach cases, William B. Federman of Federman & Sherwood would serve as an excellent Interim Lead Class Counsel.

> **4. Gary M. Klinger and Milberg are Experienced, Knowledgeable, and Possess the Skill and Resources to Prosecute this Action on Behalf of the Class.**

Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[2] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[3] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."

The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.[4]

Mr. Klinger is a Partner at Milberg and Chair of its Data Privacy and Cybersecurity Practice Group. He has extensive experience serving as leadership in numerous privacy class actions, including data breaches, and other complex class actions. Mr. Klinger is one of the most well-

---

[2] *See, e.g.*, *In re Tyco Int'l Ltd., Sec. Litig.*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[3] *See* https://milberg.com/precedent-setting-decisions/page/3/.

[4] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

known and respected data privacy attorneys in the United States. He is presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law and is a Certified Information Privacy Professional (CIPP/US). He has settled more than forty class actions involving privacy violations, the majority of which are data breaches, as lead or co-lead counsel.

Mr. Klinger has settled several high-profile privacy and data breach class actions. *See, e.g.*, *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers for violation of Illinois' Biometric Information Privacy Act); *Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as lead counsel in a data breach class action involving 6 million consumers and reached a settlement valued at $17 million); *Heath v. Insurance Techs. Corp.*, No. 21-cv- 01444 (N.D. Tex.) (where Mr. Klinger served as lead counsel and reached a class-wide settlement for $11 million for a major data breach involving more than 4 million consumers); *In re: Herff Jones Data Breach Litig.*, Master File No. 1:21-cv- 1329-TWP-DLP (S.D. Ind.) (where Mr. Klinger was appointed Co-Lead Counsel in a data breach case involving approximately one million class members and reached a settlement for $4.35 million); *In Re: CaptureRx Data Breach Litig.*, No. 5:21-cv-00523-OLG (W.D. Tex.) (where Mr. Klinger served as lead counsel in a data breach class action involving more than 2.4 million class members and reached a settlement for $4.75 million).

Mr. Klinger has also successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id*. In a recent nationwide privacy class settlement hearing in the U.S.

District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel).

Simply put, Mr. Klinger and the attorneys at his law firm have substantial experience handling data security and data privacy cases like this one, including some of the largest data privacy litigation in the United States. *See, e.g., In re Blackbaud Data Privacy*, MDL No. 2972 (D. S.C.) (where Milberg serves as interim class counsel in a data breach involving millions of consumers); *Jackson-Battle v. Navicent Health, Inc*., No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty. filed Apr. 29, 2020) (Mr. Klinger appointed Class Counsel in data breach case involving 360,000 patients; settlement valued at over $72 million); *Mowery v. Saint Francis Healthcare Sys.*, No. 1:20-cv-00013-SRC (E.D. Mo. Dec. 22, 2020) (Mr. Klinger appointed Class Counsel; settlement value of over $13 million).

Additional information regarding Mr. Klinger and his firm is set forth in the Biography attached hereto as **Exhibit 2.**

### 5. Brian D. Flick is Well-Qualified to Serve as Interim Liaison Class Counsel.

Brian D. Flick, the Managing Partner of DannLaw's Cincinnati Office and Class Action Practice, has more than sixteen (16) years of class action litigation experience. He also advocates for plaintiffs and defendants nationwide in state and federal trial courts and appellate courts. His practice areas include Consumer Bankruptcy debtor representation in the areas of Chapter 7, 12, and 13, consumer fraud, real estate litigation, foreclosure defense, student loan debt defense, bankruptcy litigation, and mortgage servicing litigation under the Real Estate Settlement Procedures Act and the Truth in Lending Act.  He was elected to the board of directors of the

National Association of Consumer Bankruptcy Attorneys in April 2023. He is the current Ohio State Chair for the National Association of Consumer Advocates, a position he has held since May 2017. He was also appointed by the board of trustees as a member of the Unauthorized Practice of Law Committee of the Cincinnati Bar Association, a position he has held since June 2017. Mr. Flick has been a frequent speaker at Cincinnati Bar Association, NACBA, and NACA events since 2014 as well as assisting with DannLaw's Regulation X and Z Seminars that have taken place since 2016.

Mr. Flick has litigated numerous data breach cases and has served as lead, co-lead, and liaison counsel in multiple consumer class actions and MDLs. *See* **Exhibit 3** (DannLaw Résumé); *see, e.g., Patrick D. Trivison, et al. v. Federal National Mortgage Association, et al.*, No. 1:20-cv-0711 (N.D. Ohio) (co-lead for putative class); *Elaine Johnson v. LoanDepot.com, LLC*, No. 5:22-cv-00641 (N.D. Ohio) (same); *Jackson, et al. v. Velocity Investments, LLC,* No. 1:20-cv-02524 (E.D. Pa.) (same); *Crews, et al. v. Titlemax of Delaware, et al.*, No. 1:22-cv-168 (M.D. Pa.) (same). Notably, Mr. Flick is currently serving as co-lead counsel in *In re Snap Finance Data Breach Litig.*, No. 2:22-cv-00761-TS-JCB (D. Utah) and co-lead counsel in *Brian Nulf, et al. v. Alvaria, Inc, et al.*, No. 1:23-cv-10999-ADB (D. Mass.). Mr. Flick previously served as co-lead counsel in *Southern Ohio Health Systems Data Breach*, No. A2101886 (Hamilton Cnty. Ct. of Common Pleas), which recovered $1.95 million for a nationwide class of persons whose personal information was stolen as part of a data breach, as well as in *Ryder et al v. Wells Fargo Bank, N.A.*, No. 1:19-cv-00638 (S.D. Ohio), a case in which there was a $12 million recovery for borrowers who were wrongfully denied loan modifications.

Not only does DannLaw possesses the requisite skill, knowledge, and experience, it also has the adequate financial resources to assist Federman & Sherwood in supporting this litigation.

14

Due to its success as a prominent consumer litigation and class action law firm, DannLaw has assisted in cases funding litigation expenses.  DannLaw has both the financial resources and the staff to assist in prosecuting and resolving this case.  Additional information regarding Mr. Flick and DannLaw is detailed in the DannLaw firm résumé, attached hereto as **Exhibit 3**.

Given DannLaw's experience and proven track record in successfully prosecuting Plaintiffs' cases including class action data breach cases, Brian D. Flick of DannLaw would serve as an excellent choice for Interim Liaison Class Counsel.

## IV.    CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court enter an order consolidating the Related Actions and appointing William B. Federman and Gary M. Klinger as Interim Co-Lead Class Counsel and Brian D. Flick as Interim Liaison Class Counsel.

Dated: August 11, 2023

Respectfully Submitted,

*/s/:William B. Federman*

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
*wbf@federmanlaw.com*

Brian D. Flick (0081605)
Marc E. Dann (0039425)
**DannLaw**
15000 Madison Avenue
Lakewood, OH 44107
Tel: (513) 645-3488
Fax: (216) 373-0536
notices@dannlaw.com

*Proposed Interim Liaison Class Counsel*
*for Plaintiffs and the Putative Class*

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN LLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
gklinger@milberg.com

*Proposed Interim Co-Lead Class Counsel*
*for Plaintiffs and the Putative Class*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(e)

The undersigned hereby certifies that this case has not been assigned to a specific track pursuant to Local Civil Rule 16.3, and this motion is non-dispositive in nature. Pursuant to Local Civil Rule 7.1(f) this motion is limited to fifteen (15) pages in length. The foregoing motion does not exceed fifteen (15) pages in length (excluding certificates and exhibits).

/s/:William B. Federman
William B. Federman
FEDERMAN & SHERWOOD

**Proposed Interim Co-Lead Class Counsel for Plaintiffs and the Putative Class**

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, that a true and accurate copy of the foregoing was filed via the CM/ECF system that will send notification to all counsel of record.

I also hereby further certify that on August 11, 2023, a true and accurate copy of the foregoing was sent to the following party via ordinary U.S. mail, postage prepaid:

PROGRESSIVE CASUALTY INSURANCE COMPANY
℅ Christina L. Crews, Law Department
PO Box 5070
Cleveland, OH 44101.

/s/:William B. Federman
William B. Federman
FEDERMAN & SHERWOOD

**Proposed Interim Co-Lead Class Counsel for Plaintiffs and the Putative Class**

16