# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE CLARK, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Defendant | Case No. 1:23-cv-01624-DAR<br><br>Hon. Judge David A. Ruiz |
| KENNETH OKONSKI, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 1:23-cv-01548-PAG<br><br>Hon. Judge Patricia A. Gaughan |
| BRADLEY OKONSKI, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 1:23-cv-01550-PAG<br><br>Hon. Judge Patricia A. Gaughan |

| | |
|---|---|
| EDUARDO BARBOSA, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 1:23-cv-01555-PAG<br><br>Hon. Judge Patricia A. Gaughan |
| REBECCA JOHNSON, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 1:23-CV-01583-PAG<br><br>Hon. Judge Patricia A. Gaughan |
| STEPHEN JOHNSON, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 1:23-CV-01585-PAG<br><br>Hon. Judge Patricia A. Gaughan |

2

| | |
|---|---|
| ROXANNE TRIGG, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 1:23-CV-01632-CEF<br><br>Hon. Judge Charles Esque Fleming |

### PLAINTIFF'S MOTION TO CONSOLIDATE CASES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2), MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Plaintiff Stephanie Clark moves under Federal Rule of Civil Procedure 42(a)(2) for an order consolidating the above-captioned actions: (i) *Kenneth Okonski v. Progressive Casualty Insurance Company*, No. 1:23-cv-01548-PAG (N.D. Ohio); (ii) *Bradley Okonski v. Progressive Casualty Insurance Company*, No. 1:23-cv-01550-PAG (N.D. Ohio); (iii) *Eduardo Barbosa v. Progressive Casualty Insurance Company*, No. 1:23-cv-01555-DAP (N.D. Ohio); (iv) *Rebecca Johnson v. Progressive Casualty Insurance Company*, No. 1:23-cv-01583-DAR; (v) *Stephen C. Johnson*, No. 1:23-cv-01585-DAP (N.D. Ohio); (vi) *Stephanie Clark v. Progressive Casualty Insurance Company*, No. 1:23-cv-01624 (N.D. Ohio); and (vii) *Roxanne Trigg v. Progressive Casualty Insurance Company*, No. 1:23-cv-01632 (N.D. Ohio) (collectively, the "Related Actions") and all other actions now and in the future naming Progressive Casualty Insurance Company as a defendant in connection with the Data Breach Progressive experienced between May 2021 and May 2023 (the "Data Breach"). The Related Actions arise out of the same set of facts, assert similar claims on behalf of similar classes, and seek similar relief from one common defendant—Progressive. The Court should consolidate the Related Actions.

3

Additionally, Plaintiff moves under Federal Rule of Civil Procedure 23(g) to appoint Hassan A. Zavareei of Tycko & Zavareei LLP as Interim Lead Counsel and Dennis R. Lansdowne of Spangenberg Shibley & Liber LLP as Interim Liaison Counsel (together, "Proposed Interim Class Counsel"). Proposed Interim Class Counsel are highly accomplished, cohesive, and diverse lawyers who are "best able to represent the interests of the class," FED. R. CIV. P. 23(g)(2).

## BACKGROUND

On August 1, 2023, Defendant began notifying putative class members that they were involved in a potential data breach. From there, Kenneth and Bradley Okonski filed suit on August 8, 2023. Eduardo Barbosa filed a lawsuit on August 9, 2023, Stephen Johnson filed on August 14, 2023, and Rebecca Johnson filed on August 14, 2023. On August 21, 2023, twenty days after Progressive notified her of the data breach, Ms. Clark filed a class action lawsuit against Progressive. On August 22, 2023, Roxanne Trigg filed her lawsuit. The allegations and claims asserted in each of the lawsuits are substantially similar.

On August 10, 2023, Plaintiffs Kenneth and Bradley Okonski and Eduardo Barbosa filed their Motion to Consolidate and Motion to Appoint Class Counsel, which they amended on August 11, 2023.

### I. ARGUMENT AND AUTHORITIES

#### a. The Court Should Grant Plaintiff's Motion to Consolidate Cases Pursuant to Rule 41(a)(1)

##### i. Legal Standard

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which

4

provides: When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. FED. R. CIV. P. 42(a); *see also A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district.").

### ii. Consolidation of the Related Actions is warranted.

Here, consolidation of the Related Actions is appropriate, as the actions require proof of the same basic set of facts. Specifically, each of the Related Actions focuses on whether Progressive is liable to consumers for its failure to protect the private consumer information it was entrusted with. Since the Related Actions pending before this Court present many of the same factual and legal issues, involve the same defendant, and will involve substantially the same discovery, consolidation is appropriate. *See Club v. ICG Hazard, LLC*, No. CV 11-148-GFVT, 2012 WL 12925351, at *2 (E.D. Ky. Apr. 25, 2012) ("I find these actions involve common questions of law and fact and that consolidation is appropriate to avoid unnecessary costs and delay and to maximize judicial resources."). Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motion practice, and would cause an unnecessary drain on judicial resources.

In addition, to ensure continued judicial efficiency, Plaintiff also respectfully submits that the Court should order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with the Consolidated Action. *See, e.g., In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or

5

events as the above captioned cases' shall be united into the consolidated case."). Defendant will suffer no prejudice by litigating one consolidated action rather than seven—or more—separate suits. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

Accordingly, Plaintiff respectfully requests the Court consolidate the Related Actions and any subsequently filed or transferred actions against Progressive relating to the Data Breach under the docket number of the first filed case and with the caption "*In re Progressive Casualty Insurance Company Data Breach Litigation.*" Plaintiff has no objection to the Related Actions being consolidated before any of the judges that are currently assigned to the Related Actions.

### b. The Court Should Grant Plaintiff's Motion to Appoint Interim Class Counsel Under Rule 23(g)

#### i. Legal Standard

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIG. § 21.11; *see also In re: Am. Honda Motor Co., Inc.,* Case No 2:15-MD-2661, 2015 WL 12723036 at *1 (S.D. Ohio Dec. 18, 2015) (same). Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." FED. R. CIV. P. 23, Advisory Committee Notes (2003) (emphasis added).

"When placed in the position of selecting interim lead counsel, Courts customarily assess applicants under the rubrics for appointment of permanent class counsel" as set forth in

Rule 23(g)(1)(A). *Am. Honda,* 2015 WL 12723036 at *1. Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

>    (i) the work counsel has done in identifying or investigating potential claims in the action;
>    (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>    (iii) counsel's knowledge of the applicable law; and
>    (iv) the resources that counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). The purpose of the Court's review is to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. MANUAL FOR COMPLEX LITIG. § 21.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221.

### ii. Proposed Interim Class Counsel have performed substantial work identifying and investigating the claims.

Immediately after the public announcement of the data breach at Progressive, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach, including Plaintiff. Those investigations included, among other things: (i) investigating the facts surrounding the data breach; (ii) interviewing numerous consumers injured by the data breach; (iii) researching legal claims; and (iv) drafting initial pleadings. Here, the work and investigation to date support the appointment of Proposed Interim Class Counsel in these proceedings.

### iii. Proposed Interim Class Counsel have significant relevant experience.

#### 1. *Interim Lead Counsel*

Lead counsel will formulate (in consultation with other counsel) and present positions on substantive and procedural issues during the litigation. MANUAL FOR COMPLEX LITIG, § 21.221 ("Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.") Plaintiff proposes that the Court designate Hassan Zavareei to be Interim Lead Counsel.

Mr. Zavareei is an accomplished class action lawyer with over two decades of experience in the areas of consumer fraud, products liability, and unfair and deceptive business practice. A detailed resume is attached as **<u>Exhibit A</u>**. Mr. Zavareei is leading several other data privacy cases in state and federal courts across the country. For example, Mr. Zavareei currently serves as co-interim-lead counsel in *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio), a case involving a data breach of Luxottica's network of eye care centers, in which hackers obtained access to sensitive personal identifiable information, including health insurance and protected medical information. Mr. Zavareei is also interim co-lead counsel in consolidated litigation against Ring LLC, representing consumers whose homes were virtually invaded after hackers gained unauthorized access to their Ring indoor security cameras and used them to spy on Ring's customers. *See* Minute Order, *In re Ring LLC Privacy Litigation*, No. 2:19-cv-10899-MWF-RAO (C.D. Cal.), ECF No. 64. In addition, Mr. Zavareei is co-interim-lead counsel in *In re US Fertility, LLC*, No. 8:21-cv-299 (D. Md.), an action concerning a data breach of a network of fertility clinics that allowed hackers to access personal identifiable information

8

and protected health information. And Mr. Zavareei served as local counsel in the seminal data breach case brought against the National Board of Examiners in Optometry, Inc., after optometrists from across the country began experiencing various types of identity theft and fraud. *Hutton, et al. v. National Board of Exam'rs in Optometry, Inc.*, No. 1:16-cv-03025- JKB (D. Md.); *see also Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613 (4th Cir. 2018) (holding plaintiffs had alleged sufficient injury-in-fact for Article III standing).

A collaborative leader with a track record of working with diverse groups to obtain outstanding results for his clients, Mr. Zavareei has recovered hundreds of millions of dollars for consumers across the country while serving as lead counsel or co-lead counsel in dozens of consumer class actions by appointment through multiple courts. As co-lead in *Farrell v. Bank of America*, Mr. Zavareei secured a class settlement valued at $66.6 million along with injunctive relief—a result that the court described as a "remarkable" accomplishment achieved through "tenacity and great skill." 327 F.R.D. 422, 432 (S.D. Cal. 2018).

Mr. Zavareei has tried complex cases to verdict in state and federal courts across the nation, including a three-week class action trial in the Southern District of Ohio: *In re Fifth Third Early Access Cash Advance Litigation,* No. 1:12-cv-00851. Mr. Zavareei has also successfully argued appeals before the United States Supreme Court, the Fourth Circuit, the Fifth Circuit, the Ninth Circuit, the District of Columbia Circuit, and numerous state appellate courts, including in Ohio.

In recognition of his expertise in class action litigation, Mr. Zavareei was called upon to testify before the Civil Rules Advisory Committee about recent amendments to Rule 23. He also recently testified before the House Judiciary Committee regarding the TCPA, arguably the nation's most important privacy statute. Mr. Zavareei was chosen for the 2021 Law360 MVP list for Class Actions and was named to the Law360 2022 Titans of the Plaintiffs Bar list. Mr. Zavareei also

serves as Vice President of Public Justice P.C., is on the Partners Council of the National Consumer Law Center and served as an editor of Duke Law School's Guidance on New Rule 23 Class Action Settlement Provisions.

As a member of the California bar, Mr. Zavareei has spearheaded class action litigation in California's state and federal courts and is a leading expert on California consumer protection law. He has successfully defeated dozens of motions to compel arbitration and has earned a reputation as a tenacious and creative lawyer. Mr. Zavareei's expertise in consumer protection law, willingness to think outside the box and pursue novel case theories—like the usury theory that earned such success in *Farrell*, creative applications of *McGill v. Citibank, N.A.*, to overcome mandatory arbitration clauses, and innovative applications of consumer protection law to halt banks' predatory practices—will be essential here when litigating on behalf of consumers who have had their privacy breached by Progressive. Mr. Zavareei's background and experience make him well qualified to lead this litigation.

### 2. *Interim Liaison Counsel*

Liaison counsel are primarily charged with administrative matters, such as communications between the court and other counsel, convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004). Liaison counsel usually have offices in the same locality as the court. *Id*.

Here, Plaintiff proposes that Dennis R. Lansdowne serve as Interim Liaison Counsel. A detailed resume is attached as **Exhibit B**. As a local attorney, Mr. Lansdowne is intimately familiar with the local rules, practices, and procedures of this District. This familiarity will be critical in this case, which deals heavily with Ohio law and class action law. Indeed, in another data breach case, a court found that experience in state specific law and class certification was paramount over

10

experience in data breach litigation when it chose to appoint a group with such credentials over a group that highlighted its experience in data breach litigation. *See In re Hannaford Bros Co. Consumer Data Sec. Breach Litig.*, 252 F.R.D. 66, at 68-69 (D. Me. 2008).

Mr. Lansdowne is an experienced trial attorney with years of experience in high-profile litigation. He has served as class counsel in multiple recent successful settlements in the Northern District of Ohio. *See Brandewie v. Wal-Mart Stores, Inc.*, No. 14-cv-965 (N.D.Ohio); *Meta v. Target Corporation*, No. 4:14-cv-832 (N.D. Ohio). Within the last two years, Mr. Lansdowne has achieved numerous significant results. In April of 2022, Mr. Lansdowne achieved a $6.5 million verdict on behalf of the estate of a deceased woman in a medical malpractice action. *Horseman v. Mercy Health-Lorain Hosp.*, No. 19 CV199157 (Lorain C.P.). The following month, Mr. Lansdowne achieved a $5.7 million verdict on behalf of the estate of a man who died in a car crash in Allen County, Ohio. *Guagenti v. Bobcat of Lima, Inc.*, No. CV 2021 0018 (Allen C.P.). Then, in August of 2022, Mr. Lansdowne reached an $8 million settlement for the victim of a catastrophic leg injury in a premises liability and professional negligence action. *Ewing v. Flats East Bank Mgmt., LLC*, No. CV-19-927004 (Cuyahoga C.P.). Earlier this year, Mr. Lansdowne participated in a class action trial alongside Mr. Zavareei: *in re Fifth Third Early Access Cash Advance Litigation,* No. 1:12-cv-00851 (S.D. Ohio).

In addition, Mr. Lansdowne's firm, Spangenberg Shibley & Liber LLP, has demonstrated experience in cases involving data breaches and complex litigation. For instance, Spangenberg Shibley & Liber is currently litigating two data breach class actions in Ohio state court related to hospitals' alleged improper transmission of confidential medical information through cookies on their websites. *See Doe v. Univ. Hosp. Health Sys., Inc.*, No. CV 20 933357 (Cuyahoga C.P.) and *Doe v. Bon Secours Mercy Health*, Case No. A 2002633 (Hamilton C.P.). This litigation is the first

11

known attempt to certify a class using Ohio's common law cause of action for the disclosure of confidential medical information.

Founded in 1946, Spangenberg Shibley & Liber has more than 75 years of experience representing those injured by others. The firm has tried myriad cases to verdict and has represented plaintiffs in all sorts of litigation. Notably, Spangenberg Shibley & Liber has served as liaison counsel in two MDLs in the Northern District of Ohio: MDL 1909, *In re: Gadolinium Contrast Dyes Products Liability Litigation* and MDL 2804 *In Re: National Prescription Opiate Litigation*. In its role in MDL 2804, the firm served as trial counsel in the first trial in both of those MDLs. Within the last three years, the firm has been counsel for Plaintiff in multiple consumer class action settlements, including *Smith v. Fifth Third Bank*, Case No. 1:18-cv-464 (S.D. Ohio), *Ostendorf v. Grange Indemnify Insurance Company*, Case No. 2:19-cv-1147 (S.D.Ohio), and *Cavallaro v. United States Automobile Association*, Case No. 1:20-cv-414 (S.D.Ohio).

Given the blend of extensive trial experience, class action expertise, work on cutting edge data privacy litigation, service as liaison counsel in two recent MDLs in this Court, and a sterling local reputation, Mr. Lansdowne and Spangenberg Shibley & Liber LLP are uniquely qualified to serve as liaison counsel in this litigation.

### iv. Proposed Interim Class Counsel have committed, and will continue to commit, the resources necessary to represent the class.

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative class. FED. R. CIV. P. 23(g)(1)(C). Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Class

Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation. In addition, Proposed Interim Class Counsel will pay assessments to ensure that adequate funds are available to prosecute this litigation. And, as their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including trial.

### v. Other factors support designating Proposed Interim Class Counsel.

An important consideration in selecting leadership is the ability to work well as a team. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are "critical to successful management of the litigation." MANUAL FOR COMPLEX LITIG. § 10.23. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. § 10.21. Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents, as is the case here. This process has the potential for disorganization, in-fighting, and inefficiencies. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Bolch Judicial Institute, Duke Law School, Guidelines and Best Practices for Large and Mass-Tort MDLs 43 (2d ed. 2018). Selecting lawyers who have previously worked together has a number of benefits. They have developed working relationships, know of complimentary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*.

13

Here, Proposed Interim Lead Counsel has previously worked with Proposed Interim Liaison Counsel, including in a class action trial *in re Fifth Third Early Access Cash Advance Litigation,* No. 1:12-cv-00851 (S.D. Ohio). This is the continuation of a long relationship between the firms that span myriad cases, including multiple successful settlements. For instance, the two firms worked collaboratively to achieve successful class settlements in *Jacobs v. FirstMerit Corp.*, Case No. 11 CV 000090 (Lake C.P.), *Smith v. Fifth Third Bank*, Case No. 1:18-cv-464 (S.D. Ohio), and *Meta vs. Target Corporation.*, Case No. 4:14-CV-0832 (N.D. Ohio). Following on from these past successes, the two firms are currently working together on three pending cases: *in re Fifth Third Early Access Cash Advance Litigation*, *Howards v. Fifth Third Bank*, No. 1:18-cv-869 (S.D. Ohio); and *Yamasaki v. Natrol, LLC*, No. 3:23-cv-182 (N.D. Cal.).

In addition, Proposed Interim Lead Counsel has previously worked with Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman LLC, who is counsel for Eduardo Barbosa. If the Court decided to create a joint leadership structure, Proposed Interim Class Counsel would work collaboratively with Mr. Klinger.

## II. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Related Actions be consolidated for all purposes, that Hassan A. Zavareei of Tycko & Zavareei LLP be appointed as Interim Lead Counsel, and that Dennis R. Lansdowne of Spangenberg Shibley & Liber LLP be appointed as Interim Liaison Counsel.

DATED: August 25, 2023

Respectfully submitted,

/s/ Kevin C. Hulick
DENNIS R. LANSDOWNE (0026036)
STUART E. SCOTT (0064834)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232

(216) 696-3924 (FAX)
*dlansdowne@spanglaw.com*
*sscott@spanglaw.com*
*khulick@spanglaw.com*

HASSAN A. ZAVAREEI
(*pro hac vice forthcoming*)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC  20006
(202) 973-0900
(202) 973-0950 (FAX)
*hzavareei@tzlegal.com*

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August 2023, a true and correct copy of the foregoing was filed via the Court's Electronic Filing System. Copies will be served upon counsel of record by, and may be obtained, through the Court's CM/ECF Systems.

/s/ Kevin C. Hulick
DENNIS R. LANSDOWNE (0026036)
STUART E. SCOTT (0064834)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*dlansdowne@spanglaw.com*
*sscott@spanglaw.com*
*khulick@spanglaw.com*

HASSAN A. ZAVAREEI
(*pro hac vice forthcoming*)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
(202) 973-0900
(202) 973-0950 (FAX)
*hzavareei@tzlegal.com*

***Counsel for Plaintiff and the Proposed Class***