IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KENNETH OKONSKI**, individually behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**PROGRESSIVE CASUALTY INSURANCE COMPANY**,<br><br>Defendant. | CASE NO. 1-23:CV-01548<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>**Opinion and Order** |

**INTRODUCTION**

This matter is a consolidated class action data breach case involving Progressive Casualty Insurance Company ("Progressive"). Several parties moved the Court for appointment of interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). For the reasons that follow, the Court appoints William B. Federman of Federman & Sherwood and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC as interim lead class counsel and Brian L. Flick of DannLaw as interim liaison counsel. Within ten days of the entry of this Order, Plaintiffs and Defendant must submit to the Court a proposed schedule for (i) the filing of a consolidated amended complaint or designating a previously filed complaint as operative and (ii) Defendant's time to answer or otherwise respond to the operative complaint.

**BACKGROUND**

On August 8, 2023, Plaintiffs Kenneth Okonski and Bradley Okonski each filed a class action complaint initiating two separate actions against Progressive based upon allegations that

Progressive failed to identify and prevent a data breach impacting hundreds of thousands of customers.  Plaintiff Eduardo Barbosa filed a nearly identical complaint on August 9, 2023.  Plaintiffs Kenneth Okonski, Bradley Okonski, and Barbosa (collectively, the "Okonski Plaintiffs") filed a Motion to Consolidate Cases and Motion to Appoint Interim Class Counsel.  (Doc. No. 4.)  Thereater, the Okonski Plaintiffs filed an Amended Motion to Consolidate Cases and Motion to Appoint Interim Class Counsel. (Doc No. 5.)

On August 14, 2023, plaintiffs Rebecca Johnson and Stephen Johnson (the "Johnson Plaintiffs") filed separate complaints against Progressive stemming from the alleged data breach and asserting nearly identical claims against Progressive.  Plaintiffs Stephanie Clark and Roxanne Trigg filed similar complaints against Progressive on August 21, 2023 and August 22, 2023, respectively.  After filing her complaint, Plaintiff Clark filed a Motion to Consolidate Cases and Motion to Appoint Interim Class Counsel.  (Doc. No. 7.)  Plaintiff Clark also filed an opposition to the Okonski Plaintiffs' Motion to Appoint Interim Class Counsel (Doc. No. 8.) and the Okonski Plaintiffs filed a reply in support of the Motion. (Doc No. 12.)

This Court consolidated the seven cases against Progressive, and the motions for appointment of interim class counsel are ripe for the Court's review.

### **ANALYSIS**

The Oksonski Plaintiffs and Plaintiff Clark have filed competing motions to appoint interim class counsel.  The Okonski Plaintiffs seek the appointment of William B. Federman and Gary M. Klinger as interim lead class counsel and Brian L. Flick as interim liaison class counsel.  Plaintiff Clark requests that the Court appoint Hassan A. Zavareei of Tycko & Zavareei LLP as interim lead class counsel and Dennis R. Landsowne of Spangenberg Shibley & Liber LLP as interim liaison

class counsel. The Johnson Plaintiffs and Plaintiff Trigg have submitted Notices in Support of the Okonski Plaintiffs' motion. (Doc. No. 12, Exs. 1-3.)

Plaintiff Clark filed an opposition to the Okonski Plaintiffs' motion, arguing that Mr. Federman, Mr. Klinger, and Mr. Flick should not be appointed interim class counsel because they have refused to work cooperatively with her own counsel when approached about the possibility of working together. The Okonski Plaintiffs argue in reply that on two occasions their attorneys invited Plaintiff Clark's attorneys to join the leadership structure they had already assembled. Plaintiff Clark's attorneys refused the first request and did not respond to the second request, which was made after Plaintiff Clark filed her opposition.

The Court has discretion to "appoint a leadership structure of plaintiffs' counsel to coordinate the prosecution of complex litigation." *In re Wendy's Co.*, 2018 WL 6605394, at *2 (S.D. Ohio Dec. 17, 2018). In a class action, prior to class certification, the Court has the authority to appoint interim lead counsel under Federal Rule of Civil Procedure 23(g)(3). Fed. R. Civ. P. 23(g)(3); *In re Am. Honda*, 2015 WL 12723036, at *1 (S.D. Ohio Dec. 18, 2015). When appointing interim class counsel, "[c]ourts customarily assess applications under the rubrics for appointment of permanent class counsel." *Id.* Here, Rule 23(g)(1)(A) requires the Court to consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). "The principle that guides the Court in selecting lead counsel is who will best serve the interest of the plaintiffs." *In re Wendy's Co.*, 2018 WL 6605394, at *2 (citation and quotation omitted).

As an initial matter, the Okonski Plaintffs argue that the Court should appoint Mr. Federman, Mr. Klinger, and Mr. Flick as interim class counsel under the first-filed doctrine. The Court declines to do so on this basis. *See In re Goodyear Tire & Rubber Co. Erisa Litig.*, 2004 WL 6395756, at *2-3 (N.D. Ohio Apr. 22, 2004) (rejecting application of the first-filed doctrine to discourage a "race to the courthouse" and as "violat[ing] the *Manual for Complex Litigation's* requirement that the Court conduct an 'independent review' of proposed Lead Counsel's relative qualifications").

Nevertheless, the Court finds that most of the Rule 23(g) factors would favor appointment of either party's preferred law firms as interim lead and liaison counsel. The law firms have put in considerable work in identifying and investigating claims, have experience in prosecuting class actions, have knowledge of the applicable laws at issue, and have demonstrated that they have the resources necessary to represent the purported class. However, the Court finds at least two factors support appointing Mr. Federman, Mr. Klinger, and Mr. Flick as interim class counsel in this case.

First, courts have held that "proposed counsel's experience in, and knowledge of, the applicable law [] the most persuasive factor" when designating class counsel. *In re Cardinal Health Inc. ERISA Litig.*, 225 F.R.D. 552, 555 (S.D. Ohio 2005) (citing *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D.Fla.2004)) (internal quotations omitted). Based on the representations in the parties' briefings, Mr. Federman, Mr. Klinger, and their respective law firms have considerably more experience representing parties in data breach cases and class actions. Mr. Flick also has significant experience in these types of cases. The Court finds that Mr. Federman and Mr. Klinger, as interim lead counsel, and Mr. Flick, as interim liaison counsel, will best be able

4

to fairly and adequately represent the class based on their extensive experience in this type of litigation.

Second, proposed "counsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel." *In re Wendy's Co.*, 2018 WL 6605394, at *2 (citing *Kubiak v. Barbas*, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011)). As indicated by the notices in support filed by each plaintiff other than Plaintiff Clark, the remaining plaintiffs support the appointment of Mr. Federman and Mr. Klinger as interim lead counsel and Mr. Flick as interim liaison counsel. Attorneys for the Okonski Plaintiffs have represented that the parties—apart from Plaintiff Clark—have worked together to develop a leadership structure on which they agree.  The Court finds that the leadership structure privately agreed to by the plaintiffs demonstrates a level of cooperation that will best serve the interests of the class.  *See Troy Stacy Enter. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 410 (S.D. Ohio 2021).

Based on the foregoing, the Court rules as follows on the outstanding motions:

(1) The Amended Motion of Kenneth Okonski, Bradley Okonski, and Eduardo Barbosa to Consolidate Cases and Motion to Appoint Interim Class Counsel (Doc No. 5) is MOOT in part and GRANTED in part.  The motion is MOOT to the extent it seeks consolidation, as the Court previously consolidated the cases.  It is GRANTED to the extent it seeks appointment of interim class counsel.

(2) The Motion of Stephanie Clark to Consolidate Cases and to Appoint Interim Class Counsel (Doc. No. 7) is MOOT in part and DENIED in part. The motion is MOOT to the extent it seeks consolidation, as the Court previously consolidated the cases. It is DENIED in part to the extent it seeks appointment of interim class counsel.

**CONCLUSION**

For the reasons set forth above, the Court appoints Mr. Federman and Mr. Klinger as interim co-lead class counsel and Mr. Flick as interim liaison class counsel.

IT IS SO ORDERED.

                                                  /s/ Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
                                                  United States District Judge

Dated:  9/22/23