# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KENNETH OKONSKI**, *et al.*, individually and on behalf of all others similarly situated**,**<br><br>Plaintiffs,<br>v.<br><br>**PROGRESSIVE CASUALTY INSURANCE COMPANY,**<br><br>Defendant. | Case No.: 1:23-cv-01548 |

## FINAL APPROVAL ORDER AND JUDGMENT

**WHEREAS,** Plaintiffs Kenneth Okonski, Bradley Okonski, Edward Reis, Tosif Khan, Kulsoom Tosif, Eduardo Barbosa, Rebecca Johnson, Stephen Johnson, Roxanne Trigg, Giovanni Madaffari, and Dodie Waden (collectively, "Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated, by and through Class Counsel Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman and William B. Federman of Federman & Sherwood, having moved this Court for an Order granting final approval of class action settlement and an award of attorneys' fees, costs, expenses, and service awards, and Defendant Progressive Casualty Insurance Company ("Defendant" or "Progressive"), through its attorneys, King & Spalding, having appeared at the hearing;

**WHEREAS,** this Court granted preliminary approval of the parties' Settlement Agreement in the above-captioned action ("Action") on September 9, 2024 ("Preliminary Approval Order") (ECF No. 45);

1

**WHEREAS,** notice to the Settlement Class Members ("Class Members") was sent in accordance with the Preliminary Approval Order providing an opportunity for Class Members to receive benefits under the Settlement Agreement, opt-out, or submit objections;

**WHEREAS,** no Class Member submitted an Objection and three (3) individuals submitted Opt-Out requests;

**NOW,** upon the reading of the: (i) Settlement Agreement and annexed exhibits (ECF No. 44-1); (ii) Plaintiffs' Unopposed Motion for Final Approval and Memorandum of Points and Authorities in Support; and (iii) Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (ECF No. 46) and Memorandum of Points and Authorities in Support (ECF No. 47) and after hearing counsel for all of the parties at the February 25, 2025, fairness hearing and after due deliberation having been held thereon, the Court grants final approval of the Settlement Agreement, and hereby find and orders for purposes of settlement only:

1. Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members with respect to the following Class certified under Rule 23 of the Federal Rules of Civil Procedure:

> The individuals in the United States who Progressive identified as potentially having their personal information viewed by an unauthorized individual because of the security event experienced by TTEC, one of Progressive's third-party call center vendors, from May 2021 to May 2023.
>
> Excluded from the Class are: (i) Defendant, any entity in which Defendant has a controlling interest, and Defendant's affiliates, parents, subsidiaries, officers, directors, legal representatives, successors, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly excludes themselves from the Settlement.

3. The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action.

4. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service awards to the Class Representatives.

5. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

6. The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions pursuant to the Settlement Agreement.

7. In accordance with the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees in the amount of thirty-three percent (33.00%) of the Settlement Fund ($1,072,500.00), and reimbursement of documented costs and expenses in the amount of $22,879.21, to be paid from the Settlement Fund.

8. In accordance with the Settlement Agreement, the Class Representatives are hereby awarded $2,000.00 each, to be paid as specified in the Settlement Agreement.

9. Upon the Effective Date, the Action shall be and hereby is dismissed with prejudice in its entirety as to Defendant, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

10. Each Settlement Class Member is bound by this Judgment and Order, including, without limitation, the release of certain claims as set forth in the Settlement Agreement.

11. As of the final date of the Opt-Out period, three (3) potential Class Members have submitted a valid request to be excluded from the Settlement. These individuals are Alice Lutz De Azevedo, Luiz Fernando Trevisan Queiroz, and Mishaelyn Hammers-Lindsey. As such, **Alice Lutz De Azevedo, Luiz Fernando Trevisan Queiroz,** and **Mishaelyn Hammers-Lindsey** are hereby excluded from the Settlement.

12. As of the final date of the Objection period no objections were received.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

15. In the event that the Settlement Agreement does not become effective in accordance with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. Each Settlement Class Member is permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit or other proceeding that asserts any claims released pursuant to the Settlement Agreement. This permanent

4

bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

17. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over (a) implementation of this Settlement Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement and this Final Approval Order and Judgment, and to resolve any dispute between the parties arising from the Settlement Agreement.

18. The Court hereby finds that there is no just reason for delay and hereby **DIRECTS** the Clerk to enter final judgment forthwith.

**IT IS SO ORDERED** this 25th day of February, 2025.

/s/ Patricia A. Gaughan
United States District Judge
Patricia A. Gaughan